IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–00455–CNS–MDB

MICHAEL MINCH,
CARMEN MINCH, husband and wife as joint tenants, as to an undivided 50% interest, and
LOAN KIM HUYNH, single woman, as to an undivided 50% interest,

    Plaintiffs,

v.

THE UNKNOWN SPOUSE, HEIRS, DEVISEES, BENEFICIARIES, GRANTEES, ASSIGNEES, LIENORS, CREDITORS, TRUSTEES, AND ALL OTHER PARTIES CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF ROBERT O. WIRTH, deceased,
JOHN M WIRTH,
STACEY J. ALBERT,
JANET M. WIRTH,
MARK STEVEN WIRTH, and
ANY AND ALL UNKNOWN PARTIES CLAIMING BY AND THROUGH, UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANTS WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSE, HEIRS, DEVISEES, GRANTEES, BENEFICIARIES OR OTHER CLAIMANTS,

    Defendants.

## ORDER

This matter is before the Court on Plaintiffs' Motion for Service by Publication of Complaint on Defendants the Unknown Spouse, Heirs, Devisees, Beneficiaries, Grantees, Assignees, Lienors, Creditors, Trustees and All Other Parties Claiming an Interest By, Through, Under or Against the Estate of Robert O. Wirth, Deceased & Any and All Unknown Parties Claiming By, Through, Under and Against the Herein Named Individual Defendant(s) who are

not Known to be Dead or Alive, Whether Said Unknown Parties May Claim an Interest as Spouse, Heirs, Heirs of the Named Defendants, Devisees, Grantees, Beneficiaries or Other Claimants. (["Motion"], Doc. No. 32.) After reviewing the Motion and relevant law the Court **DENIES** the Motion.

## BACKGROUND

Plaintiffs filed their Verified Complaint for Foreclosure of Real Property and related Relief on February 11, 2025. (Doc. No. 1.) Plaintiffs seek foreclosure on the property located at 5075 Sweetgrass Lane, Colorado Springs, CO, 80922. (*Id.* at ¶ 12.) According to Plaintiffs the property is vested in the name of deceased Defendant Robert Wirth. (*Id.* at ¶ 13.) Plaintiffs allege the property was used as collateral for a $292,000 loan they issued to Robert Wirth on December 12, 2022 (*id.* at ¶ 14; *see id.* at 19–58), but Robert Wirth defaulted on the loan by failing to make the March 1, 2024, payment and all subsequent payments. (*Id.* at ¶ 17.) They allege the outstanding balance on the loan is $291,646.48 plus interest, charges and fees. (*Id.* at ¶ 20.)

Plaintiffs filed waivers of service from John Wirth and Stacy Wirth. (Doc. Nos. 25; 26.) They also filed proofs of service for Janet Wirth and Mark Wirth.[1] (Doc. Nos. 27; 28.) In the instant Motion, Plaintiffs seek Court-approval to serve, by publication, all remaining Defendants: (1) the Unknown Spouse, Heirs, Devisees, Beneficiaries, Grantees, Assignees, Lienors, Creditors, Trustees and All Other Parties Claiming an Interest By, Through, Under or Against the Estate of Robert O. Wirth, Deceased, and (2) Any and All Unknown Parties Claiming By, Through, Under and Against the Herein Named Individual Defendant(s) Who are not Known to

---

[1] Plaintiffs filed Returns of Non-Service for former Defendants Unknown Tenant #1 and Unknown Tenant #2. (Doc. Nos. 29; 30.) These Defendants have since been voluntarily dismissed from the case. (Doc. No. 31.)

be Dead or Alive, Whether Said Unknown Parties May Claim an Interest as Spouse, Heirs, Heirs of the Named Defendants, Devisees, Grantees, Beneficiaries or Other Claimants (collectively, the "Unknown Defendants"). (Doc. No. 32.) In support of this request, Plaintiffs offer the following:

1. Robert Wirth is believed to have died intestate. (*Id.* at ¶ 6.)

2. Plaintiffs have ascertained and personally served Robert Wirth's direct lineal heirs. (*Id.*)

3. Plaintiffs cannot personally serve the Unknown Defendants as "they are unknown or otherwise unascertained parties that must be foreclosed out to obtain owner's title insurance following the foreclosure auction—for whoever purchases the property." (*Id.*)

4. Plaintiffs have been diligent in their attempts to name all direct lineal heirs of Robert Wirth. (*Id.* at ¶ 7.)

5. "[C]ontinued efforts to serve and obtain personal jurisdiction over the [Unknown Defendants] would be to no avail, and ... diligent inquiry and effort have been made to ascertain all parties." (*Id.* at ¶ 9.)

6. "[P]ublication would be reasonably calculated to give actual notice [to the Unknown Defendants]." (*Id.* at ¶ 10.)

Plaintiffs also attach a copy of the proposed notice which they apparently intend to publish in an El Paso County newspaper. (Doc. No. 32-1; Doc. No. 32 at ¶ 11 ("A copy of the proposed Notice of Action that would be published in the newspaper is attached hereto as Exhibit A for the Court's consideration.")); *see* Colo. R. Civ. P. 4(g)(2) (saying publication should be made "in a newspaper published in the county in which the action is pending").

## LEGAL STANDARD

Rule 4(e) of the Federal Rules of Civil Procedure governs service of process upon individuals located within a judicial district. Relevant here, the Rule allows for service by

3

methods approved by state law "where the district court is located or where service is made." *Id.* In addition to personal service, Colorado law recognizes "service by mail or publication" but "only in actions affecting specific property or status or other proceedings in rem" and only after the serving party files a verified motion seeking permission to do so. Colo. R. Civ. P. 4(g). *See* Black's Law Dictionary (11th ed. 2019) (defining "in rem" as "[i]nvolving or determining the status of a thing, and therefore the rights of persons generally with respect to that thing"); *see also Hanscom v. Hanscom*, 39 P. 885, 885 (Colo. App. 1895) (stating that "service by publication may be allowed, and ... shall be made only in cases of attachment, foreclosure, claim and delivery, divorce, or other proceeding where specific property is to be affected, or the procedure is such as is known as a proceeding in rem").

"The party desiring service by ... publication shall file a motion which has been verified by the oath of the party or someone in the party's behalf." 6 Colo. Prac., Civil Trial Practice § 3.15 (3d ed.). "The motion 'shall state the facts authorizing such service, and shall show the efforts, if any, that have been made to obtain personal service,' and shall give the address, or last known address, of each person to be served or state that the address is unknown. *Id.* (quoting Colo. R. Civ. P. 4(g)). "The court, if satisfied that due diligence has been used to obtain personal service or that efforts to obtain the same would have been to no avail," shall enter an order for service by publication. Colo. R. Civ. P. 4(g); *see Hancock v. Boulder Cnty. Pub. Tr.*, 920 P.2d 854, 857 (Colo. App. 1995) (saying it is "incumbent upon the trial court, when considering a motion for service by publication, to examine the circumstances and assess not only whether there is strict compliance with the express requirements of the rule, but also whether the movant has been ... explicit in setting forth all the pertinent facts for the court"). Conclusory statements

of due diligence are insufficient. *Matter of J.N. In Int. of C.G.*, 518 P.3d 788, 793 (Colo. App. 2022). "[S]ervice by publication on 'unknown persons' is improper if the plaintiff fails to exercise reasonable diligence to ascertain the identity of the parties alleged to be unknown or, upon discovering the identity of such persons, if plaintiff fails to make a reasonable effort to give notice to them." 6 Colo. Prac., Civil Trial Practice § 3.15 (3d ed.); *see Rael v. Taylor*, 876 P.2d 1210, 1223 (Colo. 1994).

## ANALYSIS

A party seeking leave to serve by publication should be mindful of two "overriding principles." 4 Colo. Prac., Civil Rules Annotated R 4 (5th ed.). First, service by publication is "available *only* in actions affecting specific property or status or other proceedings in rem." *Id.* (emphasis in original) (internal quotation omitted). Second, "constitutional concerns limit the availability of [service by publication]" and the rules are therefore "strictly construed." *Id.*; *see id.* ("For example, Rule 4(g) embodies the ... requirements of 'due diligence' in ascertaining the whereabouts of interested parties, as well as the requirement that service is 'reasonably calculated' to reach these parties."); *Matter of J.N. In Int. of C.G.*, 518 P.3d at 793 ("Because constructive service is in derogation of the common law, there must be strict compliance with every requirement ... C.R.C.P. 4(g)."). Here, the first principle is satisfied, as this foreclosure action is a proceeding *in rem*. *See Hanscom*, 39 P. at 885. However, the second principle is not satisfied as Plaintiffs' motion fails to demonstrate due diligence or comply with the applicable requirements.

Colo. R. Civ. P. 4(g) requires that the publication motion by "verified by the oath of such party or of someone in the party's behalf." That is, a publication motion must be "sworn under

5

oath and include[e] declarations of the affiant's actions and observations to which the affiant would otherwise be competent to testify." 3 Am. Jur. 2d Affidavits § 2. A motion may take different forms and still be verified so long as there is some acknowledgment that the facts upon which the court will decide the motion have been sworn or affirmed by the movant.[2]

Here, Plaintiffs' Motion is not a verified motion. It is not accompanied by a sworn affidavit nor do the proponents swear to its accuracy. The Motion is a standard, non-verified, motion and does not satisfy Colo. R. Civ. P. 4(g). *See Rael*, 876 P.2d at 1223 ("In the absence of a verified motion ... service by publication on unnamed parties is not possible."). Additionally, Plaintiffs do not demonstrate sufficient due diligence. They have identified, located, and served some of Robert Wirth's relatives, (*see* Doc. Nos. 25; 26; 27; 28), but Plaintiffs do not describe their efforts to locate relatives, nor do they explain why additional such efforts are unlikely to be fruitful. Instead, the Motion merely makes conclusory statements about Plaintiffs' search, saying, without explanation, that they have been diligent, and that continued efforts would be to no avail.[3] Such conclusory statements do not establish due diligence.[4] *See Matter of J.N. In Int. of C.G.*, 518 P.3d at 793 ("A conclusory statement that the [motion proponent] has exercised due

---

[2] For example, a movant may swear to the contents of the verified motion itself, or he may provide a separate affidavit which avers the facts set forth the motion.

[3] The Court notes the Motion *does* say that Plaintiffs believe Robert Wirth died intestate and that they believe they have identified and served all of his "direct lineal heirs," suggesting Plaintiffs think it is unlikely any other relevant parties exist. (Doc. No. 32 at ¶¶ 5, 7.) But the Motion does not explain why Plaintiffs believe Robert Wirth died intestate, or why they believe all direct lineal heirs have been identified and served.

[4] The Court notes that it does not find that Plaintiffs *have not* exercised due diligence, but only that the Motion fails to adequately describe Plaintiffs' effort such that the Court could find Plaintiffs *have* acted diligently.

diligence to locate a parent is insufficient to warrant service by publication. Instead, the motion must describe what efforts [were] made to locate the [other parties] and obtain personal service." (internal citation omitted)); *Rael*, 876 P.2d at 1223 (saying a publication motion must "alleg[e] sufficient facts *to establish* that the party used due diligence to obtain personal service in Colorado or that efforts to obtain such service would have been to no avail." (internal quotations omitted) (emphasis added)).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Service by Publication of Complaint on Defendants the Unknown Spouse, Heirs, Devisees, Beneficiaries, Grantees, Assignees, Lienors, Creditors, Trustees and All Other Parties Claiming an Interest By, Through, Under or Against the Estate of Robert O. Wirth, Deceased & any and all Unknown Parties Claiming By, Through, Under and Against the Herein Named Individual Defendant(s) who are not Known to be Dead or Alive, Whether Said Unknown Parties May Claim an Interest as Spouse, Heirs, Heirs of the Named Defendants, Devisees, Grantees, Beneficiaries or Other Claimants (Doc. No. 32) is **DENIED without prejudice**.

Dated this 13th day of May, 2025.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge