IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-00455-CNS-MDB

MICHAEL MINCH,
CARMEN MINCH, and
LOAN KIM HUYNH,

      Plaintiffs,

v.

THE UNKNOWN SPOUSE, HEIRS, DEVISEES, BENEFICIARIES, GRANTEES,
ASSIGNEES, LIENORS, CREDITORS, TRUSTEES, AND ALL OTHER PARTIES
CLAIMING AN INTEREST BY, THROUGH, UNDER OR AGAINST THE ESTATE OF
ROBERT O. WIRTH, deceased,
JOHN M. WIRTH,
STACEY J. ALBERT,
JANET M. WIRTH,
MARK STEVEN WIRTH,

      Defendants.

---

**ORDER**

---

Before the Court is the Report and Recommendation by United States Magistrate Judge Maritza Dominguez Braswell issued on May 14, 2026, recommending that Plaintiffs' Motion for Default Final Judgment be DENIED. *See* ECF No. 42; ECF No. 44. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation. The Court DENIES Plaintiffs' Motion for Default Final Judgment and ORDERS Plaintiffs to file a status report within two weeks from June 29, 2026, detailing any intent to cure the issues described in this Order.

1

# I. BACKGROUND[1]

On February 11, 2025, Plaintiffs filed a Verified Complaint for Foreclosure of Real Property and Related Relief. *See generally* ECF No. 1. The action is in connection to the property at 5075 Sweetgrass Lane, Colorado Springs, CO 80922 (the Property). *Id*. Title to the Property is vested in the estate of Robert O. Wirth. *Id*. at ¶ 13. On or about December 12, 2022, Mr. Wirth executed a mortgage note made payable to Plaintiffs in the amount of $292,000, with the Property serving as collateral. *Id*. at ¶¶ 14–15; *see id*. at 27–59. Mr. Wirth, who is now deceased, defaulted on the mortgage by failing to make the March 1, 2024, payment and all subsequent payments. *Id*. at ¶ 18. Defendants "may have or claim an interest in the Property," and Plaintiffs seek foreclosure and confirmation of possession. *Id*. at ¶¶ 21–25; ECF No. 42 at 4.

The first set of Defendants (the Identified Defendants)—John M. Wirth, Janet M. Wirth, Mark Steven Wirth, and Stacey J. Albert—had default entered against them on September 25, 2025. ECF No. 41. The second set of Defendants (the Unidentified Defendants)—the Unknown Spouse, Heirs, Devisees, Beneficiaries, Grantees, Assignees, Lienors, Creditors, Trustees and All Other Parties Claiming an Interest By, Through, Under or Against the Estate of Robert O. Wirth—have not had default requested or entered against them. *See* ECF No. 40. Nonetheless, Plaintiffs filed a Motion for Default Final Judgment against both sets of Defendants on October 10, 2025. ECF No. 42.

---

[1] For the purpose of Plaintiffs' Motion for Default Final Judgment, the Court accepts all well-pleaded factual allegations as true. *See United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.").

The Court referred the case to Magistrate Judge Braswell on May 2, 2025. ECF No. 34. Magistrate Judge Braswell reviewed Plaintiffs' Motion for Default Final Judgment against all parties and issued her Recommendation on May 14, 2026. ECF No. 44. She recommended that Plaintiffs' motion be denied without prejudice and further recommended that Plaintiffs be directed to file a status report detailing any intent to cure the issues outlined in her Recommendation. *Id*. at 11.

## II. LEGAL STANDARD & ANALYSIS

The parties were advised that they had fourteen days, after being served with a copy of the Recommendation, to file written objections in order to obtain reconsideration by the District Judge assigned to the case. *See* Fed. R. Civ. P. 72(b). Neither party has filed an objection to Magistrate Judge Braswell's Recommendations.

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits a recommendation, the Court must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A party's failure to file such written objections may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When this occurs, the Court is "accorded considerable discretion" and "may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).

After reviewing all the relevant pleadings, the Court concludes that Magistrate Judge Braswell's analyses were thorough and comprehensive, the Recommendations are well-reasoned, and the Court finds no clear error on the face of the record.

### III. CONCLUSION

Consistent with the above analysis, the Court rules as follows:

(1) The Court AFFIRMS and ADOPTS Magistrate Judge Braswell's Recommendation, ECF No. 44, as order of this Court;

(2) The Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Default Final Judgment Against All Defendants, ECF No. 42; and

(3) The Court ORDERS Plaintiffs to file a status report within two weeks from June 29, 2026, detailing any intent to cure issues described in this Order. In the status report, Plaintiffs are to propose deadlines as to when such issues shall be cured.

DATED this 29th day of June 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

4